**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-4292 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 2:24-cr-00266-SMB-1 |
| SYDANIEL GORDON SAMPSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted May 26, 2026[**]

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Sydaniel Gordon Sampson appeals from the district court's judgment and challenges his conviction for possession of a firearm by a prohibited possessor in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sampson contends that § 922(g)(1) violates the Second Amendment as applied to him. As he concedes, this claim is foreclosed. *See United States v. Duarte*, 137 F.4th 743, 761 (9th Cir. 2025) (en banc) (upholding the application of § 922(g)(1) to all felons), *cert. denied*, __ S. Ct. __, 2026 WL 135692 (U.S. Jan. 20, 2026).

We do not reach Sampson's challenge to the supervised release conditions because, as he acknowledged in a prior motion to this court, that challenge became moot upon revocation of his supervised release.

**AFFIRMED.**